UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P.,[1]<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.:  3:19-cv-1506-BEN-AHG<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(3) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 22, 24, and 28]** |

　　　Plaintiff filed this action for judicial review of the Social Security Commissioner's denial of his application for disability insurance benefits.  Compl., ECF No. 1. Thereafter, Plaintiff moved for summary judgment and Defendant filed a cross-motion

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

for summary judgment and an opposition to Plaintiff's motion. ECF Nos. 22, 24. Plaintiff's motion for summary judgment raised two contentions. First, the Administrative Law Judge ("ALJ") rendered a decision not supported by substantial evidence, arguing the ALJ failed to order a consultative examiner to develop the record where the previous non-examining consultants provided their opinions before Plaintiff's condition deteriorated. Mot., ECF No. 22, 14. Second, the ALJ was appointed in violation of the Appointments Clause of the United States Constitution. *Id*. at 18. Each party replied. Replies, ECF Nos. 25, 26.

On July 17, 2020, Magistrate Judge Allison H. Goddard issued a thoughtful and thorough Report and Recommendation, recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. R&R, ECF No. 28. This Order incorporates by reference the background set forth therein.

Magistrate Judge Goddard found the ALJ properly reached the residual functional capacity ("RFC") determination and that the decision was supported by substantial evidence in the record. *Id.* at 26. She further recommended Plaintiff's Appointments Clause challenge be denied as untimely. *Id*. On July 30, 2020, Plaintiff filed an objection to the Report and Recommendation. Obj., ECF No. 29. Defendant replied on August 7, 2020. Reply, ECF No. 30. For the reasons that follow, the Report and Recommendation is adopted.

I.  **LEGAL STANDARD**

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Meanwhile, the Court reviews the ALJ's findings to see if they are supported by substantial evidence and whether the proper legal standards were applied. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Holohan v. Massanari*, 246

2

3:19-cv-1506-BEN-AHG

F.3d 1195, 1205 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted); *see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) ("whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high"). If those standards are met, the Court affirms the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Holohan*, 246 F.3d at 1205.

## II. DISCUSSION

Plaintiff cites two objections to the Report and Recommendation, which are the same arguments he advanced in his motion for summary judgement. The Court addresses each of these arguments below.

### A. The ALJ's Decision was Supported by Substantial Evidence

First, Plaintiff argues "the ALJ failed to develop the record and order a consultative examiner even though the opinions of the state agency medical consultants were stale" and the ALJ's findings were not supported by the record as a whole. Obj., ECF No. 29, 2-3. Plaintiff argues the state agency consulting opinions were stale because he suffered new impairments after those consulting opinions were issued. *Id.* Those new impairments, Plaintiff argues, triggered the ALJ's duty to develop the record which the ALJ allegedly failed to do. Mot., ECF No. 22, 14. As discussed thoroughly in the Report and Recommendation, Plaintiff's argument is unpersuasive.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)). Although the ALJ has the duty to develop the record, Plaintiff still bears the burden of establishing his disability. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), *as amended* (Jan. 26 1999). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when

the opinions are consistent with independent clinical filings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)

Here, "[t]he Administrative Record is over 3,000 pages and includes medical treatment records from over 30 different providers and medical facilities between 2005 and 2018 (although the majority of records reflect treatment from the relevant period of October 19, 2015 – March 31, 2017)." R&R, ECF No. 28, 17. The record provides substantial evidence to support the ALJ's nondisability determination, which the Report and Recommendation ably describes. *Id.* at 4-6. Such evidence included Plaintiff's own report to a medical provider that his back pain was not preventing him from working (Administrative Record ("AR"), 2339), that he unsuccessfully asked his orthopedist's office to "document reason for his disability multiple times, along with asking for narcotic pain medication," (*id.*), and the opinions of medical consultants who assessed Plaintiff could still perform light work (*id.* at 1725-59). Despite the voluminous medical records submitted, no provider ever documented a reason for disability. Instead, Plaintiff provided his own opinion of his disability through a "Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment" form, indicating he had a disability and could not perform even sedentary work, before signing the form as a "Health Care Provider." *Id.* at 2321-32. Plaintiff's testimony before the ALJ revealed he held a "holistic health massage license" in 2012 or 2013, but otherwise had no health care qualifications. *Id.* at 1703-04.

The ALJ's decision must be upheld where evidence is susceptible of more than one rational interpretation. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). Applying the appropriate standard of review to the evidence in the record here, the Court concludes the ALJ's decision was supported by substantial evidence.

The Report and Recommendation also correctly distinguished Plaintiff's citations to two cases finding remand for further record development was appropriate. R&R, ECF No. 28, 15-16. Those cases involved a conflict between the opinions of consulting and

treating medical providers. *Arriaga v. Berryhill*, No. 16-CV-0755-TUC-LCK, 2018 WL 1466234 (D. Ariz. Mar. 26, 2018); *Huerta v. Astrue*, No. 13-CV-1210-WHO, 2014 WL 1866427 (N.D. Cal. May 8, 2014). In his objection, Plaintiff argues those cases stand for the proposition remand is appropriate merely where consulting opinions are "stale." Obj., ECF No. 29, 4-6. Plaintiff's argument ignores the critical distinction between those cases and his case addressed above – they involved a conflict between treating and consulting medical providers where the ALJ sided against a treating provider. *See e.g.*, *Huerta*, 2014 WL 1866427, at *16 ("In sum, the ALJ improperly discounted the opinions of Huerta's treating physician, as well as the opinion of the examining consultant and the favorable testimony of the medical examiner. Instead, the ALJ relied on a stale RFC from a non-examining consultant that itself contradicted the ALJ's own determination as to Huerta's RFC"). The Court declines to hold remand is required here as no conflict exists and the consulting opinions are not stale.[2]

Plaintiff's final argument on the ALJ's decision is that he allegedly erred by "interpreting raw medical data into functional limitations." Obj., ECF No. 29, 7. The Court notes that an RFC determination is within the exclusive province of the ALJ. *See* 20 C.F.R. § 404.1527(d)(2). While an RFC determination includes statements from medical sources, it includes other non-medical sources as well. *See* 20 C.F.R. § 404.1545(a)(3). Reviewing the ALJ's determination, it is clear he provided an adequate explanation of his nondisability determination with specific support from medical sources and his RFC determination was largely consistent with the opinions of the consulting medical providers. AR, 575-76. To the extent the ALJ differed from the consulting medical providers, it was only to provide Plaintiff a more restrictive RFC, which is within

---

[2] In his motion for summary judgment, Plaintiff also relied on *Rodriguez-Curtis v. Astrue*, No. 10-CV-2794-VBK, 2011 WL 536598 (C.D. Cal, Feb. 15, 2011), for the proposition that an ALJ should order a consultative examination where the present consultative examination is stale. Mot, ECF No. 22, 15. Magistrate Judge Goddard noted the court in *Rodriguez-Curtis* found a four-year-old opinion was not stale, cutting against Plaintiff's argument here that a two-year-old opinion was stale. Plaintiff does not further argue *Rodriguez-Curtis* in his Objection to the Report and Recommendation.

an ALJ's purview in making a decision exclusively reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d)(2).

Accordingly, the Court finds the ALJ's decision was supported by substantial evidence and that remand to further develop the record is not required.

**B. Plaintiff's Appointments Clause Argument is Untimely**

Plaintiff also argues his case was improperly adjudicated because the ALJ was appointed in contravention of the Constitution's Appointments Clause.  As relief, Plaintiff requests his case be remanded for a new hearing "with a different and constitutionally appointed ALJ."  Obj., ECF No. 29, 8.

The Report and Recommendation thoroughly summarizes the litany of cases that have addressed this argument in similar matters.  R&R, ECF No. 28, 21-26.  Magistrate Judge Goddard also noted that the Third and Tenth Circuit Courts of Appeal have reached different conclusions on whether a plaintiff must raise this issue during administrative proceedings or else waive it on appeal.  *Id.* at 12.  The Court agrees with the Report and Recommendation and the clear majority of district courts that have addressed this issue, holding that Plaintiff's Appointments Clause argument is waived because it was not raised before the ALJ.

Plaintiff's argument is based on the Supreme Court's holding in *Sims v. Apfel*, 530 U.S. 130 (2000).  Prior to the Supreme Court's decision in *Sims*, the Ninth Circuit held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).  One year later, the Supreme Court found that failure to raise an issue before the Social Security Appeals Council did not constitute waiver of judicial review on that issue, but expressly did not address whether that holding applied to issues that were not raised before the ALJ.  *Sims*, 530 U.S. at 107, 111.  Thereafter, the Ninth Circuit upheld its earlier decision, stating that "[i]n light of the [Supreme] Court's express limitation on its holding in *Sims*, we cannot say that that holding is 'clearly irreconcilable' with our decision in *Meanel*, and *Meanel* therefore

remains binding on this court with respect to proceedings before an ALJ." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

Plaintiff argues his case is distinguishable because unlike the plaintiff in *Meanel*, he was not represented by counsel before the ALJ. Obj., ECF No. 29, 9. In *Meanel*, however, the Ninth Circuit did not, and to date has not, established a different standard for Social Security cases in which the claimant was not represented by counsel. The Court declines to adopt one here. *Cf. Sims*, 530 U.S. at 114 (O'Connor, J., concurring) ("it would be unwise to adopt a rule that imposes different issue exhaustion obligations depending on whether claimants are represented by counsel").

Moreover, allowing a nonjurisdictional Appointments Clause challenge to be raised for the first time during judicial review of an ALJ's opinion would have the effect of allowing a claimant to try his luck with the ALJ on the merits, and if unsuccessful obtain a second bite at the apple by raising an Appointments Clause challenge for the first time on appeal. This Court agrees with many "other district courts in this Circuit which have rejected Appointments Clause claims post *Sims* when the challenge was not timely made at the administrative level." *Kathleen S. v. Saul*, No. 19-CV-00651-JLS-RNB, 2020 WL 353602, at *3 (S.D. Cal. Jan. 21, 2020) (citations omitted).

### III. CONCLUSION

The Court has conducted a *de novo* review of the Report and Recommendation and agrees with it. Accordingly, the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's cross-motion for summary judgment is **GRANTED**. Accordingly, the Commissioner of the Social Security Administration's final decision is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate the case.

**IT IS SO ORDERED.**

Date: August 11, 2020

HON. ROGER T. BENITEZ
United States District Judge